IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CECIL DAWSON,

           Plaintiff,

v.                                              Civ. No. 04-0259 JH/DJS

CHRISTOPHER S. HUESTON,
in his private capacity, and
RENEE M. HALE, in her
private capacity,

           Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's *Motion to Remand* (Doc. No. 4) and Plaintiff's *Motion for Protective Order* (Doc. No. 12).

According to the allegations of the Complaint, Defendants are employed as Special Agents for the Internal Revenue Service, a federal agency. Complaint ¶¶ 2-3. Plaintiff alleges that Defendants, acting under color of law and using the authority of their official positions, violated his constitutional rights. Id. at ¶¶ 6-7, 11. Plaintiff seeks injunctive relief preventing Defendants from having further contact with him. Id. at ¶¶ 16-18. Despite these allegations, Plaintiff now challenges the removal of this case to federal court. However, based upon the allegations of the Complaint, it is clear that subject matter jurisdiction exists under 28 U.S.C. §§ 1331 and 1343(a)(3), and that removal of this case was proper under 28 U.S.C. § 1442(a)(1). Accordingly, the motion to remand will be denied.

On May 27, 2004, the Defendants filed a motion to dismiss this case in accordance with Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff did not respond to that

motion. Instead, on June 28, 2004 (more than one month later), Plaintiff filed his Motion for Protective Order, requesting that he be relieved of his duty to respond to the motion to dismiss until the Court ruled on the Motion to Remand, and that the Court strike the Motion to Dismiss and order the Defendants to refrain from filing additional motions. Under our Local Rules in this judicial district, Plaintiff's response to the motion to dismiss was due 14 days after it was served upon him. Not only did Plaintiff fail to respond to the motion to dismiss, but in addition he did not file his Motion for Protective Order until more than two weeks after his response was due. Further, the relief Plaintiff requests in the Motion for Protective order is not procedurally proper. Therefore, the Motion for Protective Order will be denied. However, in light of the fact that Plaintiff is proceeding *pro se* in this matter, in this instance the Court will afford him until 14 days after the entry of this Memorandum Opinion and Order to file and serve his response, if any, to the Motion to Dismiss.

    IT IS THEREFORE ORDERED that Plaintiff's *Motion to Remand* (Doc. No. 4) and Plaintiff's *Motion for Protective Order* (Doc. No. 12) are both DENIED. Plaintiff has until 14 days after the entry of this Memorandum Opinion and Order to file and serve his response, if any, to the Motion to Dismiss.

_____
UNITED STATES DISTRICT JUDGE